UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WALMER S.-A.,** | Civil Action No. 20-4747 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **JOHN TSOUKARIS, et al.,** | |
| Respondents. | |

**WIGENTON,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Walmers S.-A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Also before the Court is Petitioner's motion seeking a temporary restraining order. (ECF No. 3). Following an order to answer, the Government filed responses to the petition and motion (ECF No. 5), to which Petitioner has replied. (ECF No. 7). For the following reasons, this Court will deny the petition without prejudice and will deny the motion as moot in light of the denial of Petitioner's habeas petition.

**I. BACKGROUND**

Petitioner is a thirty-four year old native and citizen of Guatemala who entered the United States illegally without inspection or admission approximately thirteen years ago. (Document 1 attached to ECF No. 5 at 1-4; ECF No. 1 at 4; Document 11 attached to ECF No. 1 at 17). On February 6, 2020, Petitioner was arrested by the police in Gutenberg, New Jersey, on charges including driving under the influence, hindering arrest, possession of false government documents, and the exhibiting of those false documents to police. (Document 1 attached to ECF No. 5 at 3-4). Following this arrest, Petitioner was taken into immigration custody pursuant to the

Government's discretionary authority under 8 U.S.C. § 1226(a) and placed in removal proceedings. (*Id.*). Since that time, Petitioner has remained detained in an immigration detention facility located in Elizabeth, New Jersey. (*Id.*).

According to medical information Petitioner has provided through expert declarations, Petitioner "reports a history of chronic respiratory difficulties which may be related to allergies, . . . has mildly elevated blood sugars, very-high triglycerides and borderline obesity," which place him at potential risk of future heart disease. (Document 11 attached to ECF No. 1 at 17). Petitioner also has recently received treatment for an intestinal issue which has resulted in him suffering pain, discomfort, and diarrhea for several weeks while detained at the facility. (*Id.* at 17-18). While he has had this illness, Petitioner has reported to the detention center's infirmary "about five times," and has received blood, urine, and stool tests. (Document 2 attached to ECF No. 1 at 3). After the facility determined that he had a bacterial infection, he was given medicine and placed on a restrictive diet. (*Id.*). Petitioner also received liver testing, suggesting he may have some liver damage which limits what medication he can be given for his infection. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In his habeas petition and briefing in this matter, Petitioner argues that he should be released from prison because he has been subjected to punitive conditions of confinement and has received insufficient medical care in light of his medical history and the threat posed by the COVID-19 epidemic. As this Court recently explained, assuming the COVID-19 pandemic is a sufficiently severe circumstance that would warrant permitting a habeas claim based upon Petitioner's conditions of confinement, claims such as Petitioner's

> could be construed in two fashions – as a claim asserting that the jail has been deliberately indifferent to Petitioner's medical needs, or as a claim asserting that the conditions under which he is detained amount to an unconstitutional application of punishment without a supporting conviction in violation of the Due Process Clause. As there is no clear guidance from the Courts of Appeals or Supreme Court on how to adjudicate such claims in light of an ongoing pandemic, many courts have found that insufficient jail action in light of the virus can serve as a basis for release under [the circumstances], *see, e.g,*, *Rafael L.O. v. Decker*, No. 20-3481, 2020 WL 1808843 (D.N.J. Apr. 9, 2020); *Cristian A.R. v. Thomas Decker, et al.*, No. 20-3600 (D.N.J. Apr. 12, 2020); *Basank v. Decker*, No. 20-2518, 2020 WL 1481503 (S.D.N.Y. Mar. 26, 2020); *Castillo v. Barr*, No. 20-00605, 2020 WL 1502864 (C.D. Cal. Mar. 27, 2020); *Thakker v. Doll*, No. 20-480, 2020 WL 1671563 (M.D. Pa. Mar. 31, 2020); *Malam v. Adducci*, No. 20-10829, 2020 WL 1672662 (E.D. Mich. Apr. 5, 2020); while many others have found that, where the jail takes adequate precautions in light of a given petitioner's medical history, no such relief is warranted. *See, e.g., Dawson v. Asher*, No. 20-409, 2020 WL 1304557 (W.D. Wa. Mar. 19, 2020) (rejecting TRO request because detainees could not succeed on merits of request for relief without at least showing concrete likelihood of actual injury as opposed to mere speculation in light of the legitimate governmental interest in detaining aliens

throughout removal proceedings); *Sacal-Micha v. Longoria*, No. 20-37, 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020) (rejecting habeas TRO based on medical conditions of confinement claim as that claim normally must be brought under § 1983, and in any event such a claim is not likely to succeed in the absence of a showing of deliberate indifference to the detainees medical needs); *Lopez v. Lowe*, No. 20-563, 2020 WL 1689874 (M.D. Pa. Apr. 7, 2020) (denying request for TRO by habeas petitioner as he could not establish deliberate indifference to his medical needs).

Turning first to the issue of Petitioner's medical needs, for an immigration detainee to make out a claim for relief based on a jail official's insufficient treatment or deliberate indifference to his medical needs under the Due Process Clause, he must show both that he is subject to a sufficiently serious medical need, and that jail officials have been deliberately indifferent to that need. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003); *Parkell v. Morgan*, 682 F. App'x 155, 159-60 (3d Cir. 2017); *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008). Even assuming that [the threat of] COVID-19 in and of itself is a sufficiently serious need, or that Petitioner's [asthma] is sufficiently serious to oblige the jail to take action to alleviate the risk presented by the virus, success on such a claim would still require Petitioner to show that officials at the jail were deliberately indifferent to that need – i.e. that Respondents "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This requires that the [respondent] was "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . dr[e]w th[at] inference." *Id.* Where some treatment or proscriptive action designed to alleviate the medical need has been provided and the dispute is over the adequacy of the treatment or preventative steps taken, federal courts "are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)). Neither a detainee's subjective dissatisfaction or disagreement with the professional judgment of medical staff as to how best to deal with a medical issue are normally sufficient to establish deliberate indifference. *Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

. . . .

> . . . A claim challenging conditions [of confinement] under the Due Process Clause [under the theory that those conditions amount to punishment in the absence of a supporting conviction in turn] has both a subjective and objective component – the objective component requiring a showing that the deprivation involved in the conditions was sufficiently serious, and the subjective component requiring that jail officials act with a sufficiently culpable mind. [*Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979))]. The subjective component can be established by showing an express intent to punish; or by showing that the conditions in question were arbitrary, purposeless, or excessive in relation to the ascribed governmental objective. *Id.* Conditions which are reasonably related to a legitimate government interest and which are not excessive in relationship to that interest will therefore not support a claim in the absence of a showing of an express intent to punish. *Id.* at 67-69. . . . [I]mmigration detention is clearly reasonably related to a legitimate government interest – the Government's interest in securing those subject to removal proceedings pending the conclusion of those proceedings in order to ensure they do not abscond and that they attend those proceedings while also ensuring they are not a danger to the community in the meantime. *See, Dawson*, 2020 WL 1304557 at *2; *see also Jennings*, 138 S. Ct. at 836; *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Zadvydas*, 533 U.S. at 690-91.

*Jorge V.S. v. Green*, No. 20-3675, 2020 WL 1921936, at *2-4 (D.N.J. Apr. 21, 2020).

Turning first to Petitioner's conditions of confinement, as Petitioner has not shown in any way that his jailors acted with an express intent to punish him, he can only succeed on his claim by showing that the conditions under which he is housed amount to a deprivation of his rights and in any event are either arbitrary, purposeless, or excessive in relation to their stated objective – securing immigration detainees to ensure they are neither a danger to the community nor a flight risk. The record in this matter clearly demonstrates that the facility in which Petitioner is detained has taken numerous concrete steps to alleviate and mitigate the risk COVID-19 presents to its inmate population. Specifically, following guidance from the CDC, the facility has begun medical screenings of detainees including examinations for respiratory illness or fever, with those showing

symptoms being placed in isolation, tested for COVID-19, and where positive, treated for the virus including a hospital transfer where the detainee's condition warrants. (Document 1 attached to ECF No. 5 at 45-46). Infected detainees are kept in a separate quarantined area of the facility. (*Id.*). Those detainees who have been exposed to infected persons but who are asymptomatic are "placed in cohorts with restricted movement" for fourteen days with daily monitoring for fever or respiratory illness. (*Id.*). Likewise, detainees suffering from illnesses and medical issues placing them at high risk were they infected with the virus have been evaluated for, and where appropriate, released. (*Id.*). The facility has also increased the frequency of cleaning and sanitization of the facility, and has provided increased quantities of soap for detainees, as well as providing hand sanitizer and additional soap in the medical clinic. (*Id.* at 46). Staff have been provided with masks and other protective equipment for use when in the facility. (*Id.* at 47). The facility has also purchased masks for each detainee, which apparently arrived on April 7 and were distributed. (*Id.*; *see also* ECF No. 5 at 23). The facility has further limited visitation to the facility, and has instituted temperature checks for all staff and other entrants. (Document 1 attached to ECF No. 5 at 47). The facility has also begun maintaining physical distance and spacing for detainees, "trying to keep detainees six feet apart, regardless of symptoms," including by separating seating in the dining hall to ensure detainees remain six feet apart while eating, ensuring "detainees' bunks are adequately spaced apart and at least six feet apart in all directions," and suspending group activities other than "limited outside time and dining." (*Id.*).

Given these affirmative, concrete steps which the facility has taken to alleviate the risk of the virus spreading within the facility, and the fact that Petitioner's alleged increased likelihood of complications is speculative in so much as the basis for that allegation is Petitioner's possible undiagnosed respiratory condition which may be no more than allergies and Petitioner's potential

risk of future heart disease, this Court finds that the conditions under which Petitioner is detained are rationally related to the government's stated purpose of securing immigration detainees pending bond hearings or removal proceedings, and that those conditions are not excessive in relation to that purpose.  As Petitioner has not otherwise shown that the facility staff acted with an express intent to punish, nor that his conditions are purposeless or arbitrary, his conditions of confinement claim fails.

Petitioner's deliberate indifference to medical needs claim likewise fails to state a valid basis for habeas relief.  Both the concrete steps outlined above and the specific treatment and medication Petitioner has received for his ongoing stomach illness indicate that the jail staff have not been deliberately indifferent to his needs, but have instead taken steps to protect him and have provided direct diagnostic testing and treatment during his time in the facility.  By his own admission, Petitioner has been seen at least five times by jail medical staff, been given numerous tests, and been provided with several medications to treat his ongoing intestinal illness, and the record is devoid of any evidence that this illness is anything more than a bacterial infection which is being treated by jail staff.  That Petitioner may disagree with the care he has received or may wish that jail medical staff had elected an alternative course of treatment is insufficient to raise Petitioner's medical claim to the level of a constitutional violation, *White v. Napolean*, 897 F.2d at 110, and that claim is therefore insufficient to warrant the extreme form of relief Petitioner requests.  *V.S.*, 2020 WL 1921936 at *3 ("That these steps do not guarantee Petitioner will remain healthy and free of . . . disease is immaterial, the constitution requires no such perfection."); *see also Sacal-Micha;* 2020 WL 1518861 at *6.  As this Court finds that Petitioner has neither shown that jail staff have been deliberately indifferent to his medical needs, nor that he has been subjected to unconstitutional conditions of confinement, Petitioner's habeas petition is denied, and

Petitioner's motion seeking a temporary restraining order is denied as moot in light of the denial of this matter.

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED WITHOUT PREJUDICE and his motion seeking a temporary restraining order (ECF No. 3) is DENIED as moot in light of the denial of his habeas petition. An appropriate order follows.

Dated: May 11, 2020

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge